# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| EZEL AYDIN<br>Calle Juan Perez Zungano 12, Apt. 4B,<br>Madrid, Spain 28027<br><br>*Plaintiffs,*<br>v.<br><br>U.S. DEPARTMENT OF STATE, The Executive Office of the Legal Adviser, 600 19th St. NW, Suite 5.600, Washington, D.C. 20522,<br><br>MARCO RUBIO, U.S. Secretary of State, in his capacity, The Executive Office of the Legal Adviser, 600 19th St. NW, Suite 5.600, Washington, D.C. 20522,<br><br>THE CONSUL GENERAL, U.S. EMBASSY MADRID, SPAIN, in her capacity, The Executive Office of the Legal Adviser, 600 19th St. NW, Suite 5.600, Washington, D.C. 20522,<br><br>*Defendants.* | Case No.<br><br>**PETITION FOR A WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Ezel Aydin by and through the undersigned counsel, respectfully bring this Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus to compel Defendants and those acting under them, to provide a final visa adjudication of the immigrant visa application of Plantiff and his family within a reasonable time.

## JURISDICTION AND VENUE

This action arises under the United States Constitution and the statutes of the United States, including the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §§2201 and 2202 (declaratory relief)

and may review Defendants' actions or omissions under the APA, 5 U.S.C. §555, 5 U.S.C. §701 *et seq*. and the Mandamus Act, 28 U.S.C. §1361.

This is a civil action brought pursuant to 28 U.S.C. § 1361. ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Jurisdiction is further conferred by 28 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. §2201 and 2202, and injunctive relief under 5 U.S.C. §702 and 28 U.S.C. §1361.

Under 28 U.S.C. §1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Plaintiff is challenging Defendants' authority to refuse to provide a final adjudication of Plaintiff's immigrant visa application and not challenging a decision which is within the discretion of Defendants. Therefore, jurisdiction exists for this Court to consider whether Defendants have the authority to withhold the adjudication. *See Patel*, 134 F.3d at 932; *Raduga USA Corp. v. United States Dep't of State*, 440 F. Supp. 2d 1140, 1149 (S.D. Cal. 2005) (finding mandamus jurisdiction where "[p]laintiffs simply seek to compel the consul to render a final decision on [p]laintiff's application which is mandated under [8 C.F.R.] §42.81(a)").

Jurisdiction is also conferred pursuant to 5 U.S.C. §555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires Defendant to carry out their duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity if the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added). Defendant is subject to 5 U.S.C. §555(b). *See*

*Patel*, 134 F.3d at 931-32 ("Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review. However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.") (Internal citations omitted); *Raduga USA,* 440 F. Supp. 2d at 1146 ("[T]he Court finds that Plaintiffs have sufficiently demonstrated Article III standing to bring this APA mandamus action"); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The [APA] requires an agency to act, within a reasonable time ," 5 U.S.C. §555(b), and authorizes a reviewing court to compel agency action… unreasonably delayed," 5U.S.C. §706(1).")

Venue in this district is proper under 28 U.S.C. §1391(e) on the following grounds: (1) Defendants resides in this judicial district, (2) Defendant is an officer on the United States or agency of the United States, (3)no real property is involved; and (4)acts or omissions giving rise to the action occurred in part in this judicial district.

## PARTIES

Plaintiff Ezel Aydin is the beneficiary of I-140 Petition and resides at Calle Juan Perez Zunigano 12, Apt. 4B, Madrid, Spain 28027.

Defendant U.S. Department of State is a federal executive agency responsible for administering and adjudicating immigrant and nonimmigrant visa applications abroad through U.S. embassies and consulates.

Defendant Marco Rubio is sued in his official capacity as Secretary of State. He is responsible for the overall administration and enforcement of the immigration laws as they relate to visa adjudications conducted by the Department of State and its consular officers.

Defendant Consul General, U.S. Embassy Madrid, is sued in her official capacity and is responsible for the processing and adjudication of visa applications at the U.S. Embassy in Madrid, Spain.

Each Defendant is sued solely in his or her official capacity. At all relevant times, Defendants acted within the scope of their employment and authority.

## LEGAL BACKGROUND

Employment-based immigrant visas are governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq. Under the INA, an employer may sponsor a foreign national for permanent residence by filing a Form I-140, Immigrant Petition for Alien Worker, with U.S. Citizenship and Immigration Services ("USCIS").

USCIS reviews Form I-140 petitions to determine whether the beneficiary qualifies for the requested immigrant classification and whether the sponsoring employer has demonstrated the ability to pay the proffered wage. Upon approval of Form I-140, USCIS confirms that the beneficiary is eligible for immigrant visa classification, subject to final visa adjudication.

After approval of Form I-140 and once an immigrant visa number becomes available, the beneficiary may apply for an immigrant visa abroad through consular processing with the U.S. Department of State. The Department of State, through its consular officers, is responsible for conducting visa interviews and adjudicating immigrant visa applications at U.S. embassies and consulates worldwide, including at the U.S. Embassy Madrid. *See* 8 U.S.C. §§1201(a)(1), 1202(a), (b); 22 C.F.R. §§40.1(1), 42.61, 42.62.

Consular officers are authorized to issue immigrant visas to applicants who are eligible under the INA and applicable regulations. While consular officers may conduct background and security checks as part of the adjudication process, the INA and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), require that agency action be completed within a reasonable period of time.

## INDIVIDUAL PLAINTIFFS' ALLEGATION

Plaintiff's Form I-140 was approved. Upon approval, USCIS forwarded the approved petition to the NVC for pre-processing.

On June 4, 2024 Plaintiff's immigrant visa application was assigned the consular case number MDD2024645004.

Plaintiff paid the appropriate immigrant visa processing fees and timely submitted DS-260, *Online Immigrant Visa and Alien Registration Application* along with the supporting documentation to the NVC.

On October 3, 2024, NVC notified Plaintiff that his case was documentarily complete.

On December 17, 2024, Plaintiff Ezel Aydin and his family attended an interview appointment in the U.S. Embassy in Madrid, Spain.

After the interview, Plaintiff was informed that his and his family's applications would need to undergo mandatory administrative processing.

Following the interview, on the same day, December 17, 2024, the Consular Section requested that Plaintiff complete and submit answers to questions on Form DS-5535, *Supplemental Questions for Visa Application.*

Plaintiff promptly completed and submitted his detailed response to the questionnaire on December 19, 2024.

Despite the passage of 14 months since the interview, Plaintiff has yet to receive a final decision on the pending visa application.

For 14 months since the interview, Plaintiff and his family have remained patiently waiting, yet Plaintiff's visa application status on the State Department CEAC website continues to show that the case is "Refused" and informs those that were "refused" for administrative processing, [that his] case will remain refused while undergoing such processing [and] will receive another adjudication once such processing is complete […] you will be contacted if additional information is needed".

Plaintiff have inquired as to the status of Plaintiff's application multiple times and have received no useful information.

Despite inquiries to the Embassy by Plaintiff, his attorney, Plaintiff's immigrant visa application remains in an indefinite state of additional administrative processing with no timeline for completion.

Plaintiff and his family have yet to receive a final decision on the pending visa application, and Defendant has failed to complete their duties in order to adjudicate Plaintiff's visa application in a reasonable amount of time.

As the beneficiary of an approved Form I-140, Plaintiff is entitled to the issuance of the immigrant visa unless he is found ineligible under a specific ground of ineligibility set forth in the governing statutes and regulations.

As a direct result of Defendants' failure to issue a final decision on Plaintiff's immigrant visa application, Plaintiff has experiences and will continue to experience, severe, particularized and concrete injury.

Plaintiff and his family are now left in an untenable situation with no apparent end in sight. As a result, they are suffering from extreme emotional and psychological harm due to the uncertainty of their family's future.

Despite all reasonable attempts by Plaintiff to determine the nature of the delay in visa issuance, Defendant has unreasonably delayed making a final decision on Plaintiff's visa application without explanation or on the grounds of any rational basis.

Defendant's delay in adjudication in unreasonable and is causing irreparable injury to Plaintiff and his family.

## COUNT ONE

(Declaratory and Mandamus Relief)

Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

The Mandamus Act, 28 U.S.C. § 1361, provides that District Courts shall have jurisdiction over any action in the nature of mandamus and may compel an officer or employee of the United States or any agency thereof to perform a duty owed to a petitioner.

A mandamus plaintiff must demostrate that: (1) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Liberty Fund, Inc. V. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005); *see also Patel*, 134 F. 3d at 933 (duty to adjudicate an iimigrant visa application).

Plaintiff meet all three of these criteria. *See, e.g., Raduga USA* , 440 F. Supp. 2d at 1146 ("Plaintiff's claim here is clear and certain, and the consul's nondiscretionary, ministerial duty is plainly prescribed. Furthermore, Plaintiff has no other means to compel the United States consul to make a decision.") *United States v. Kerry*, 168 F. Supp. 3d 268, 291-92 (D.D.C. 2016) (holding the doctrine of consular non-reviewability did not apply where plaintiff's visa applications were not formally refused, but were held in "administrative processing"); *see also Patel v. Reno*, 134 F.3d 92, 932-33 (9th Cir. 1997) (affirming the granting of mandamus relief where Plaintiff's application had only been "provisionally refused"); *Maramjaya v. U.S. Citizenship & Immigration Servs.*, 2008 WL 9398947, at (D.D.C. Mar. 26, 2008) (holding that the doctrine of consular non-reviewability did not apply when the case had not procedurally progressed to the point where consular immunity would bar judicial review").

Mandamus action is also appropriate because Defendant failed to act within a reasonable time. *See e.g., Liu v. Noval*, 509 F. Supp. 2d 1,9 (D.D.C. 2007) (holding that the APA requires the goverment to act within a reasonable period od time); *see also Sierra Club v. Thomas*, 828 F. 2d 783, 794 (D.C. Cir. 1987)(stating that 'regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice").

Defendant has failed to carry out the adjudicative and administrative functions delegated to them by law. *See* INA §201(b)(2)(A)(i), INA §§101(a)(9),(16); 22 C.F.R. § 42.81 (a) and 42.81(e).

Defendants have a clear, non-discretionary and mandatory duty to sdjudicate the visa applications. There is no legal bar to doing so.

Defendants have no legal basis to failing to proceed with the applications and for their failure to timely adjudicate the applications and any background checks or other investigations required.

No alternative remedy exists to compel action by Defendant.

Accordingly, Plaintiff and his family have a clear and indisputable right to have the visa application adjudicated.

The Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq., provides the Court with the authority to declare the rights and other legal relations of any party.

## COUNT TWO

Violation of the APA, 5 U.S.C. § 706

Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth here in full.

The Department is an Agency subject to the requirements of the APA, 5 U.S.C. § 706(b)(1).

The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

Here, Defendants have unlawfully withheld agency action in contravention of statutes, regulations, and stated policy pronouncement.

Plaintiff has fulfilled all requirements, paid all fees, and is otherwise eligible for an immigrant visa. Yet Defendant has failed to adjudicate Plaintiff's

application within a reasonable time and has instead unlawfully withheld agency action, leaving Plaintiff in indefinite limbo.

The unlawful withholding and unreasonable delay in the adjudication and issuance of Plaintiff's immigrant visaa constitute a final agency action that is reviewable by this Court. *Whitman*, 531 U.S. at 478; *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).

"Reasonable time for agency action is typically counted in weeks or montha, not years." *In re Am. Rivers & Idaho Rivers United*, 372 F. 3d 413, 419 (D.C. Cir. 2004).

The failure of Defendants to make a final determination on Plaintiff's immigrant visa application is arbitrary, capricious, and not in accordance with federal law.

Plaintiff and his family were harmed and will continue to suffer irreparable harm as long as Defendants persist in their unreasonable delay.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court grants the following relief:

1) Assume jurisdiction over this matter;
2) Declare that Defendants' actions violated the APA and Plaintiffs' rights under the INA, the Code of Federal Regulations, and the U.S. Constitution and that Plaintiff is entitled to prompt adjudication of the immigrant visa application pursuant to the Declaratory Judgement Act 28 U.S.C. §2201;
3) Issue a Writ of Mandamus compelling Defendant and those acting under them to perform their duty com complete all steps necessary to provide a final adjudication of Plaintiff's immigrant visa application within a reasonable time;

4) Enjoin Defendant and those acting under them from any further unreasonable delay in adjudication of Plaintiff's pending immigrant visa application;

5) Award Plaintiffs reasonable costs and attorneys' fees; and

6) Grant any other and further relief which this Court deems just and proper.

Date: February 16, 2026                    Respectfully submitted,

*s/ Marjan Kasra*
MARJAN KASRA, ESQ
Attorney ID: CT0023
1200 Summer Street, Suite 102
Stamford, CT 06905
Tel: (203) 722-7146
marjan@lawmaks.com
Attorney of Plaintiff